**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DOUGLAS ANDREW REDLESKI,**

    **Plaintiff,**

**v.**                       **//**         **CIVIL ACTION NO. 1:15CV89**
                                                   **(Judge Keeley)**

**MARVIN C. PLUMLEY, Warden,
DEBBIE HISSOM, RN, BSN,
DAVID PROCTOR, Practicing Physician,
TRISTEN TENNY, RN, HSA,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 52]

On May 21, 2015, the pro se plaintiff, Douglas Andrew Redleski ("Redleski"), filed a state civil rights complaint pursuant to 42 U.S.C. § 1983, which the Court referred to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. Redleski contends that the defendants denied him proper medical care, in violation of the Eighth Amendment to the United States Constitution, during his time at Huttonsville Correctional Center ("HCC") (Dkt. No. 1).

On February 9, 2016, Magistrate Judge Aloi issued a R&R (Dkt. No. 52), in which he recommended that the Court grant the motions to dismiss filed by defendants Debbie Hossom ("Hissom") and Marvin Plumley ("Plumley")(Dkt. Nos. 25, 27) because they lacked personal involvement in Redleski's medical care at HCC (Dkt. No. 52 at 18). The R&R also recommended that the Court convert the motion to dismiss for insufficient service of process filed by defendants

**REDLESKI V. PLUMLEY, ET AL.** 1:15CV89

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 52]**

Tristen Tenny ("Tenny") and David Proctor ("Proctor") (Dkt. No. 30) into a motion to quash service of process, and that the Court grant the motion to quash service of process (Dkt. No. 52 at 18). Finally, the R&R recommended that the Court direct Redleski to properly serve Tenny and Proctor by a date certain. Id.

The R&R also specifically warned the parties that their failure to object to the recommendation would result in the waiver of any appellate rights they might otherwise have on this issue. Id. at 21. The parties did not file any objections.[1] Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (Dkt. No. 52), **GRANTS** Hissom and Plumley's motions to dismiss (Dkt. Nos. 25, 27) and **DISMISSES** Redleski's complaint as to them **WITH PREJUDICE**, **CONVERTS** Proctor and Tenny's motion to dismiss into a motion to quash service of process, and **GRANTS** the motion to quash service of process (Dkt. No. 30).

Finally, the Court **DIRECTS** Redleski to comply with LR Civ. P. 4.01, Waiver of Service, within **fourteen days** of receipt of this Order. In the alternative, Redleski can prepay the United States

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**REDLESKI V. PLUMLEY, ET AL.**                            1:15CV89

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 52]**

Marshal Service for service of the complaint, as explained in Magistrate Judge Aloi's July 8, 2015, Order (Dkt. No. 32).

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: March 4, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE