IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOUGLAS ANDREW REDLESKI,**

    **Plaintiff,**

**v.**                **//**         **CIVIL ACTION NO. 1:15CV89**
                                                     **(Judge Keeley)**

**DAVID PROCTOR, Practicing Physician;**
**and TRISTEN TENNEY, RN, HSA,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 72]

On May 21, 2015, the pro se plaintiff, Douglas Andrew Redleski ("Redleski"), filed a state civil rights complaint pursuant to 42 U.S.C. § 1983, naming as defendants the following individuals: Warden Marvin C. Plumley ("Plumley"); Debbie Hissom, RN, BSM ("Hissom"); David Proctor, Practicing Physician ("Proctor"); and Tristen Tenney, RN, HSA ("Tenney") (Dkt. No. 1). Redleski contends that the defendants denied him proper medical care for his diabetes, in violation of the Eighth Amendment to the United States Constitution, during his time at Huttonsville Correctional Center (Dkt. No. 1).

Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the case to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R"). Thereafter, Plumley and Hissom moved to dismiss for failure to state a claim (Dkt. No. 25), and Proctor and Tenney moved to dismiss for insufficient service (Dkt. No. 30). After receiving an R&R on the motions from Magistrate Judge Aloi (Dkt.

No. 52), the Court granted Plumley and Hissom's motion to dismiss, but converted Proctor and Tenney's motion to dismiss to a motion to quash, which it also granted (Dkt. No. 54).

Proctor and Tenney then waived service (Dkt. Nos. 58; 59), and, on May 9, 2016, filed a motion to dismiss for failure to state a claim (Dkt. No. 61). In support, the defendants argue that Redleski has already "had his day in [c]ourt" because he adjudicated a related petition for habeas corpus in the Circuit Court of Randolph County, West Virginia (Dkt. No. 62 at 2). They further argue that Tenney should be dismissed for lack of personal involvement, and that Redleski's complaint generally fails to state a claim for deliberate indifference. Id. at 3-10.

On February 14, 2017, Magistrate Judge Aloi entered an R&R recommending that the Court deny Proctor and Tenney's motion to dismiss (Dkt. No. 72). He concluded that much of the complained of conduct occurred after Redleski's state court action and is not precluded by Redleski's prior habeas proceeding.[1] Id. at 10. In

---

[1] Proctor and Tenney argued to Magistrate Judge Aloi that, at the very least, the Court should dismiss all claims predating the state-court judgment (Dkt. No. 62 at 3). Magistrate Judge Aloi noted that recovery for actions prior to July 25, 2011, the date the first judgment was entered, is likely barred by claim preclusion (Dkt. No. 72 at 10). He did not, however, recommend that all such claims be dismissed at this stage. Indeed, the application of claim preclusion depends, in part, on whether "the party bringing the subsequent lawsuit was, during the prior action, able to foresee the consequences of his/her failure to raise the subsequently raised issue in the prior action." Blake v. Charleston Area Med. Ctr., Inc., 498 S.E.2d 41, 49 (W. Va. 1997). Although the defendants

addition, Magistrate Judge Aloi reasoned that Redleski's complaint stated a claim for deliberate indifference against both Proctor and Tenney. Id. at 14. The R&R also advised the parties of their right to file objections to its recommendations within 14 days of receiving the R&R, and it specifically warned them that failure to object would result in the waiver of any appellate rights they might otherwise have. Id. at 15.

The failure to object to an R&R not only waives appellate rights, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). The defendants have not filed any objections, and although Redleski received the R&R on February 16, 2017, he too has not filed any objections. Instead, Redleski filed a motion for the appointment of counsel to help him present his "colorable claim" (Dkt. No. 74).

Finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 72), **DENIES** Proctor and Tenney's motion to dismiss (Dkt. No. 61), and **RECOMMITS** this case to Magistrate Judge

---

filed a copy of Redleski's state-court petition, they did not move to file the attached "medical test results and other medical information" under seal, instead opting to omit them (Dkt. No. 62 at 2). Without all of the available information, the Court is simply unable at this stage to make a conclusive determination regarding the preclusion of claims that accrued prior to July 25, 2011.

**REDLESKI V. PROCTOR, ET AL.** 1:15CV89

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 72]**

Aloi, who is **DIRECTED** to enter a scheduling order on discovery and dispositive motions. Pursuant to 28 U.S.C. § 636, he is further authorized to consider the record and enter rulings or recommendations as appropriate.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated:  March 6, 2017.

>/s/ Irene M. Keeley
>IRENE M. KEELEY
>UNITED STATES DISTRICT JUDGE